United States Court of Appeals

For the Eighth Circuit

_____

No. 17-3441

_____

United States of America

*Plaintiff - Appellee*

v.

Kimberly Norma Hines

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: November 16, 2018
Filed: February 22, 2019
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Kimberly Hines appeals her felon-in-possession-of-a-firearm conviction. *See* 18 U.S.C. § 922(g)(1). Before conditionally pleading guilty, she moved to

suppress evidence of the shotgun found in her home. The district court[1] denied her motion, and we affirm.

Hines told police officers that they could search her home for her ex-boyfriend, Chuck Ohman, who was on parole and suspected of committing an assault. The officers found and arrested Ohman in Hines's bedroom and then continued their search. At some point, the officers discovered a shotgun in an open closet in the bedroom. The question is when they found the shotgun, because if it was after they arrested Ohman, Hines argues that the officers discovered it in a search that exceeded the scope of her consent. *See Minnesota v. Dickerson*, 508 U.S. 366, 372–75 (1993) (stating that, except for the plain-view doctrine and a few other "well delineated exceptions," warrantless searches and seizures "are *per se* unreasonable under the Fourth Amendment" (citation omitted)).

One of the officers testified at the suppression hearing that he saw the shotgun in plain view during the arrest. If so, there is no dispute that the officers were entitled to seize the gun under the plain-view doctrine. *See id.* at 374–75. Hines challenged the officer's account and relied on alleged inconsistencies in his testimony in an effort to persuade the district court to suppress the evidence. To determine whether the shotgun had been in plain view, the court had to make a credibility determination.

The district court believed the officer. Specifically, it credited his testimony that he noticed the buttstock of the shotgun on a shelf in Hines's closet *while* he was arresting Ohman. His account was bolstered by the testimony of another officer, who said that he too saw the shotgun in open view at some point.

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, adopting the report and recommendation of the Honorable William D. Gerdes, United States Magistrate Judge for the District of South Dakota.

To be sure, there were reasons to be skeptical of the officer's account. Hines points out, for example, that the officer could not recall if he discussed the shotgun with anyone else during the arrest and that he failed to mention the shotgun during a separate suppression hearing in Ohman's assault case. Even so, the officer's testimony was not "so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it." *United States v. Heath*, 58 F.3d 1271, 1275 (8th Cir. 1995). Accordingly, "[w]e decline to second-guess [the district] court's evaluation of [the officer's] credibility." *United States v. Gabe*, 237 F.3d 954, 961 (8th Cir. 2001).

The district court's judgment is affirmed.

_____